UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN

                                   Plaintiff,                    Docket No. 17-cv-6408

       - against -                                  JURY TRIAL DEMANDED


ODYSSEY MEDIA GROUP, INC.

                                   Defendant.

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through her undersigned

counsel, as and for her Complaint against Defendant Odyssey Media Group, Inc. ("Odyssey" or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of two copyrighted photographs Ciro Ortiz a boy

who gave advice in the New York City Subway, owned and registered by Seidman, a New York

based professional photographer. Accordingly, Seidman seeks monetary relief under the

Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.       This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Seidman is a professional photographer in the business of licensing her photographs to online and print outlets for a fee having a usual place of business at 16 St. Marks Place, Apt. 4B, New York, New York 10003.

6.      Upon information and belief, Odyssey is a domestic business corporation organized and existing under the laws of the State of Delaware, with a place of business at 300 Park Avenue, 14th Floor, New York, New York 1002. At all times material hereto, Odyssey has owned and operated a website at the URL: www. www.theodysseyonline.com.com (the "Website")

## STATEMENT OF FACTS

### A.      Background and Plaintiff's Ownership of the Photographs

7.      Seidman photographed Ciro Ortiz who gave advice in the NYC subway (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8.      Seidman is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9.      The Photographs was registered with United States Copyright Office and was given Copyright Registration Number VA 2-037-048.

### B.      Defendant's Infringing Activities

10.      On December 21, 2016, Odyssey ran an article on the Website entitled *11-Year-Old Offers Advice To Stressed New Yorkers.* See https://www.theodysseyonline.com/child-

offers-advice-subway. The article prominently featured the Photographs. A true and correct copy

of the article is attached hereto as Exhibit B.

11.	The article was written by a staff editor of Odyssey

12.	The Photographs appears on Odyssey's computer servers.

13.	Odyssey did not license the Photographs from Plaintiff for its article, nor did

Odyssey have Plaintiff's permission or consent to publish the Photographs on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST ODYSSEY)
### (17 U.S.C. §§ 106, 501)

14.	Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-13 above.

15.	Odyssey infringed Plaintiff's copyright in the Photographs by reproducing and

publicly displaying the Photographs on the Website. Odyssey is not, and has never been, licensed

or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16.	The acts of Defendant complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501.

17.	Upon information and belief, the foregoing acts of infringement by Odyssey have

been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.	As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**(17 U.S.C. § 1202)**

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     When the Photograph was first published in an article in the New York Post, the article contained a gutter credit which stated Helayne Seidman which is considered copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

23.     Odyssey copied the Photograph from the New York Post and pasted the Photograph onto the Website and did not bring along the gutter credit to the Website.

24.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25.     The conduct of Odyssey violates 17 U.S.C. § 1202(b).

26.     Odyssey's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the removal of said copyright management information was made by Odyssey intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Odyseey also knew, or should have known, that such removal of said copyright management information

would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28.     As a result of the wrongful conduct of Odyssey as alleged herein, Plaintiff is entitled to recover from Odyssey the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Odyssey because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29.     Alternatively, Plaintiff may elect to recover from Odyssey statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Odyssey be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     That Odyssey be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That, in regard to the first claim Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.    That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.    That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.    That Plaintiff be awarded pre-judgment interest; and

8.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        August 22, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Helayne Seidman*

30.    **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       August 21, 2017

              LIEBOWITZ LAW FIRM, PLLC

              By: <u>/s/Richard Liebowitz</u>
                  Richard P. Liebowitz
              11 Sunrise Plaza, Suite 305
              Valley Stream, NY 11580
              Tel: (516) 233-1660
              RL@LiebowitzLawFirm.com

              *Attorneys for Plaintiff Steven Seidman*